**STATE of Iowa, Appellee,**

v.

**Rodney LUMADUE, Appellant.**

No. 99–1898.

Supreme Court of Iowa.

Feb. 14, 2001.

Linda Del Gallo, State Appellate Defender, and James G. Tomka, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Linda J. Hines, Assistant Attorney General, John P. Sarcone, County Attorney, and Michael Hunter, Assistant County Attorney, for appellee.

NEUMAN, Justice.

Defendant Rodney Lumadue sought an expeditious resolution to charges pending against him for third-degree attempted burglary and fourth-degree criminal mischief. The district court accommodated him. In a span of five minutes the court reviewed Lumadue's written "Waiver of Jury Trial and Stipulation to Trial on the Minutes of Testimony," considered the minutes and pronounced him guilty, advised him of his right to file a motion in arrest of judgment, sentenced him to concurrent sentences of imprisonment on each charge, and gave him his appeal rights.

Lumadue now seeks resentencing because the court overlooked his right to allocution and gave no reasons for his sentence on the record. The State contends Lumadue waived the right to allocution and the court's reasons for the sentence, though terse, were legally sufficient. Lumadue has the stronger arguments. We therefore affirm the judgment but vacate the sentence and remand for resentencing.

## I. Right of Allocution.

Iowa Rule of Criminal Procedure 22(3)(d) directs that prior to the rendition of judgment "counsel for the defendant, and the defendant personally, shall be allowed to address the court where either wishes to make a statement in mitigation of punishment." Consistent with the United States Supreme Court's interpretation of a comparable federal rule, we require a record establishing that the court has "invited, or afforded an opportunity for" the defendant to speak regarding punishment. *State v. Craig,* 562 N.W.2d 633, 637 (Iowa 1997) (citing *Green v. United States,* 365 U.S. 301, 304, 81 S.Ct. 653, 655, 5 L.Ed.2d 670, 673 (1961)). No special language is required to fulfill the rule's mandate. *State v. Duckworth,* 597 N.W.2d 799, 800 (Iowa 1999). "The important thing is whether the defendant is given an opportunity to volunteer any information helpful to the defendant's cause." *Craig,* 562 N.W.2d at 635.

The State concedes the court failed to accord a right of allocution here. It defends the court's failure, however, on the ground Lumadue waived the right when he stipulated, in writing, to a bench trial on the minutes of testimony. That writing included the following assertion: "I waive personal conversation with the Court concerning this charge. . . ."

We are not entirely certain what waiver of "personal conversation with the court" is intended to mean in the context of criminal proceedings. But because the relinquishment comes in a document relating to waiver of jury trial, we conclude it has no bearing on post-trial sentencing proceedings. *Cf. id.* at 636 (extensive colloquy during guilty plea hearing immaterial to exercise of allocution right at sentencing). The sheer ambiguity of the "right" Lumadue is alleged to have waived prevents us from finding, on this record, that Lumadue's supposed relinquishment of his allocution right was knowing and intentional. *See State v. Seager,* 571 N.W.2d 204,

209 (Iowa 1997) (waiver defined as "intentional relinquishment of a known right"). The court's departure from the rule requires a remand for resentencing. *See Craig,* 562 N.W.2d at 636 (failure to accord defendant allocution not harmless error).

## II. Sentencing Reasons.

The same rule implicated in Lumadue's allocution argument calls upon the court to "state *on the record* its reason for selecting the particular sentence." Iowa R.Crim. P. 22(3)(d) (emphasis added). The three-page transcript before us reveals no compliance with this rule. The State defends the omission on the ground the court signed a pre-printed "Prison Order" which included the following statement: "The Court has determined that this sentence will provide reasonable protection of the public. Probation is denied because it is unwarranted."

The question is whether the quoted boilerplate satisfies rule 22's on-the-record requirement. We hold that it does not. As the State rightly notes, this court has held that reasons given in a written judgment entry may be sufficient to permit appellate review of the court's discretionary action. *State v. Johnson,* 445 N.W.2d 337, 342–43 (Iowa 1989) ("record" for purposes of criminal appeal includes original documents filed in trial court, transcript and certified docket and court calendar entries). But in *Johnson,* where the dispute concerned concurrent or consecutive sentencing, the court personally advised the defendant—as part of the sentencing colloquy—that the offenses were separate and "shall run consecutively." *Id.* at 343. The court thereafter elaborated on the reasons for the sentence in its judgment entry. We determined the sentencing colloquy, in combination with the written judgment entry, formed a sufficient basis for appellate review of the sentence for abuse of discretion. *Id.* at 343–44; *see also State v. Garrow,* 480 N.W.2d 256, 259–60 (Iowa 1992) (statement of reasons sufficient if it demonstrates exercise of discretion and reveals motive for a particular sentence imposed);

*State v. Matlock,* 304 N.W.2d 226, 228 (Iowa 1981) (trial court should state reasons for sentence but error harmless because court lacked authority to enter less severe sentence).

The record before us more closely resembles *State v. Cooper,* 403 N.W.2d 800 (Iowa Ct.App.1987). There the sentencing proceedings were not transcribed and the court's sentencing order offered only the following statement of reasons: "The court has reviewed the circumstances of the offense, and the defendant's prior background." *Cooper,* 403 N.W.2d at 802. The court of appeals held that such vague and generalized considerations presumably inform every court's basic sentencing decision. *Id.* Missing was a rationale relating to *this* offense, and *this* defendant's background. *Id.* The court remanded for resentencing, convinced neither the defendant nor the system was well-served by a record requiring so much guesswork to review. *Id.; see also State v. Dvorsky,* 322 N.W.2d 62, 67 (Iowa 1982) (statement reflecting only nature of offense insufficient to reveal exercise of discretion); *State v. Freeman,* 404 N.W.2d 188, 191 (Iowa Ct. App.1987) (mere statement that defendant does not qualify for probation insufficient under rule 22(3)(d)).

We recognize the time pressures facing busy judges in a high-volume court. But defendants are not fungible commodities. They are entitled to be informed, preferably face-to-face, about the consequences of their criminal acts. Rule 22(3)(d) and our prior cases require as much. The integrity of our system of justice demands it.

We affirm the judgment of the district court but remand for resentencing in compliance with the Rules of Criminal Procedure.

**JUDGMENT AFFIRMED; SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.**