# IN THE COURT OF APPEALS OF IOWA

No. 14-0720
Filed March 11, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JONATHAN MICHAEL KAINE,**
        Defendant-Appellant.
_____


Appeal from the Iowa District Court for Black Hawk County, George L. Stigler, Judge.


Defendant appeals from his sentence for possession of a controlled substance with intent to deliver (marijuana).  **AFFIRMED IN PART, VACATED IN PART, AND REMANDED WITH DIRECTIONS.**


William Bushell of Bushell Law Firm, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Heather Ann Mapes, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Brad Waltz, Assistant County Attorney, for appellee.


Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**DANILSON, C.J.**

Jonathan Kaine appeals from his sentence for possession of a controlled substance with intent to deliver (marijuana), in violation of Iowa Code section 124.401(1)(d) (2011). Kaine maintains the district court abused its discretion by not granting his request for a deferred judgment. He also maintains the district court erred in imposing a ten dollar drug abuse resistance education (DARE) surcharge. Because we find the district court considered relevant factors and did not abuse its discretion, we affirm the district court's imposition of a suspended sentence. We vacate the illegal part of the sentencing order imposing a ten dollar DARE surcharge and remand for entry of a corrected sentencing order.

**I. Background Facts and Proceedings.**

On January 27, 2012, the State filed a trial information charging Kaine with one count of possession of a controlled substance with intent to deliver (marijuana).

On February 10, 2014, Kaine entered an *Alford* plea[1] of guilty.

Sentencing was held on April 28, 2014. The State recommended Kaine receive a suspended five-year prison sentence. Kaine maintained he was eligible for a deferred judgment and requested the court grant it. During the sentencing colloquy, the district court stated:

> The thing that troubles me—and I guess there are two things that trouble me about you, Mr. Kaine. And I know that sequencing is such that you are eligible for a deferred judgment. But you're trafficking drugs for a number of years, and this was the substantial part of your income, what you did to financially survive.
> I think of a deferred judgment as being something that is special, an individual makes a mistake that is out of character, and,

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

thus, he qualifies for a deferred judgment. You're trafficking drugs
for a period of years. This isn't hardly out of character for you.
What am I missing?

Kaine then responded with why he believed he was a good candidate for a deferred judgment. The court replied:

Well, your character seems to be reflective of the record that you have. And you don't have a bad record. I mean, it's not anything to be proud of, apparently minor driving offenses, suspended licenses, one—at least one possession of marijuana, and now the big-time conviction down in Benton County[2] and this conviction. I just don't know that you're a suitable candidate for a deferred judgment.

And so I'm going to err if at all on the side of caution, and the caution would be to the charge of possession with the intent to deliver contrary to 124.401(1)(d), of the Code, a Class D felony.

I will order you committed to the custody of the director of the Department of Corrections for [a term] not to exceed five years. I will suspend that sentence and place you on probation to the Department of Correctional Services for two to five years.

And your supervision may be by the Sixth Judicial District down in Benton County. I'll impose a fine of $750 plus a 35 percent surcharge and suspend that. Your driving privileges will be suspended for 180 days. There will be a $125 law enforcement assessment and a $10 DARE assessment.

Kaine appeals.

## II. Standard of Review.

Where, as here, the defendant does not assert the imposed sentence is outside the statutory limits, we review for an abuse of discretion. *State v. Thomas,* 547 N.W.2d 223, 225 (Iowa 1996). An abuse of discretion is found only when the sentencing court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *Id.* We review both the

---

[2] Here, the court is referencing Kaine's previous guilty plea for manufacturing of a controlled substance (marijuana), in violation of Iowa Code section 124.401(1)(d).

court's stated reasons made at the sentencing hearing and its written sentencing order. *See State v. Lumadue,* 622 N.W.2d 302, 304 (Iowa 2001).

We review challenges to the legality of a sentence for corrections of errors at law. *Tindell v. State*, 629 N.W.2d 357, 359 (Iowa 2001).

## III. Discussion.

### A. Deferred Judgment.

Kaine maintains the district court abused its discretion in not granting his request for a deferred judgment. He argues the sentencing order does not reflect factors or circumstances the district court relied on in denying his request for a deferred judgment.

We review both the court's stated reasons made at the sentencing hearing and its written sentencing order. *See Lumadue,* 622 N.W.2d at 304. During the sentencing colloquy, the district court expressly considered Kaine's criminal history as well as his admission in the presentence investigation that he had been selling marijuana as his primary source of income for several years. While there are certainly more factors the court could have considered before denying Kaine's request, "the failure to acknowledge a particular sentencing circumstance does not mean it was not considered." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). Additionally, the court is not "required to specifically acknowledge each claim of mitigation urged by a defendant." *Id.*

We find the district court did not abuse its discretion when rejecting Kaine's request for a deferred judgment.

**B. DARE Surcharge.**

Kaine asserts, and the State agrees, the district court erred in assessing a ten dollar DARE surcharge. Iowa Code section 911.2 provides, "[T]he district court shall assess a drug abuse resistance education surcharged of ten dollars if a violation arises out of a violation of an offense provided for in . . . chapter 124." However, "The surcharge shall not be assessed for any offense for which the court defers the sentence or judgment or suspends the sentence." Iowa Code § 911.2(2). Because the district court suspended Kaine's sentence, the DARE surcharge was not provided for by law, and the district court erred in assessing the surcharge. We vacate this portion of Kaine's sentence.

**IV. Conclusion.**

Because we find the district court considered relevant factors and did not abuse its discretion, we affirm the district court's imposition of a suspended sentence. We vacate the illegal part of the sentencing order imposing a ten dollar DARE surcharge and remand for entry of a corrected sentencing order.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED WITH DIRECTIONS.**