**IN THE COURT OF APPEALS OF IOWA**

No. 14-1310
Filed March 25, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ANTONIO TREVINO III,**
        Defendant-Appellant.
_____


Appeal from the Iowa District Court for Buena Vista County, Charles K. Borth, District Associate Judge.


Defendant appeals from his sentence for operating while intoxicated, third offense. **AFFIRMED.**


Richard J. Bennett Sr. of Bennett Law Office, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney General, and David Patton, County Attorney, for appellee.


Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**DANILSON, C.J.**

Antonio Trevino III appeals from his sentence for operating while intoxicated, third offense, in violation of Iowa Code section 321J.2 (2013). He maintains the district court abused its discretion in not granting his request for a suspended sentence. Because we find the district court did not abuse its discretion in denying Trevino's request for a suspended sentence, we affirm.

**I. Background Facts and Proceedings.**

On March 3, 2014, Trevino was charged by trial information with operating while intoxicated, third offense.

On June 30, 2014, Trevino entered a guilty plea. The court accepted the plea on the same day, and sentencing was set for a later date.

At the sentencing hearing on August 11, 2014, the State endorsed the recommendation of the presentence investigation report that Trevino be sentenced to a term of incarceration and placed in the OWI Continuum Program. In support of its recommendation, the State explained:

> [T]his is the, I believe, ninth public intox or alcohol-related conviction in the last eight years. That is noted under the Comments Section at Seasons Center. It said that he goes to Compass Pointe and he is still minimizing his drinking and denies that he has a problem. This offense arose from him traveling at an excessive speed in a residential area and a blood alcohol level of .146.

Trevino addressed the court and requested a suspended sentence and probation. He expressed remorse for his actions and stated his intention to move into an apartment by himself and to stop spending time with friends who consume alcohol.

The court stated:

> The Court takes a number of factors into consideration in determining an appropriate sentence, including the maximum opportunity or possibility for rehabilitation, and in this case the Court notes the Defendant's criminal history contains numerous alcohol-related offenses, and given the nature of the current offense, prior attempts at rehabilitation through sentencing have not been successful. The Court also takes into consideration the protection of the public from further offenses. In this case the Court also takes into consideration the contents of the presentence investigation and the recommendations contained in that document. Based on those items, the Court finds that probation would not be appropriate for the Defendant in this matter.

The court then sentenced Trevino to a term of incarceration not to exceed five years and placement in the OWI Continuum Program. Trevino appeals.

**II. Standard of Review.**

Where, as here, the defendant does not assert that the imposed sentence is outside the statutory limits, we review for an abuse of discretion. *State v. Thomas,* 547 N.W.2d 223, 225 (Iowa 1996). An abuse of discretion is found only when the sentencing court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *Id.* We review both the court's stated reasons made at the sentencing hearing and its written sentencing order. *See State v. Lumadue,* 622 N.W.2d 302, 304 (Iowa 2001).

**III. Discussion.**

Trevino maintains the district court abused its discretion in not granting his request for a suspended sentence.[1] Specifically, he maintains the district court failed to adequately consider his expression of remorse and his commitment to make lifestyle changes.

---

[1] Pursuant to Iowa Code section 321J.2(5)(a), a third offense of operating while intoxciated is punishable by "[c]ommitment to the custody of the director of the department of corrections for an indeterminate term not to exceed five years, *with a mandatory minimum term of thirty days.*" (Emphasis added).

Here, the district court stated it was taking into consideration a number of factors in determining the appropriate sentence for Trevino. The court did not specifically acknowledge Trevino's claim of remorse or his stated intention to get his own apartment and stay away from friends who consume alcohol, but the court is not "required to specifically acknowledge each claim of mitigation urged by a defendant." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). Moreover, "[T]he failure to acknowledge a particular sentencing circumstance does not mean it was not considered." *Id.* We cannot say the district court abused its discretion in denying Trevino's request for a suspended sentence. We affirm.

**AFFIRMED.**