# IN THE COURT OF APPEALS OF IOWA

No. 15-0030
Filed August 5, 2015

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DONALD JAMES HILL,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Cheryl E. Traum, District Associate Judge.

Donald Hill appeals from the judgment and sentence following his plea of guilty to the offense of failure to comply with sex-offender-registry requirements. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, Michael J. Walton, County Attorney, and Steven A. Berger, Assistant County Attorney, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**DOYLE, J.**

Donald Hill entered a plea of guilty to the offense of failure to comply with sex-offender-registry requirements. Hill was sentenced to a term of imprisonment to be served consecutive to the sentence for which he was on parole. On appeal, Hill submits the sentencing court failed to provide reasons for the imposition of consecutive sentences, and he requests this court vacate his sentence and remand the matter for resentencing. We hold that the sentencing court was not required to give reasons for imposing the consecutive sentences pursuant to Iowa Code section 908.10A (2013). We therefore affirm.

Hill was charged by trial information with the offense of failing to comply with the provisions of the sex offender registry, in violation of Iowa Code section 692A.111(1), an aggravated misdemeanor. Hill was on parole for another unrelated offense at the time. He later entered a written plea of guilty. He was sentenced to a term of imprisonment "not to exceed two years, to run consecutive to the parole revocation in [the unrelated criminal case]." At the sentencing hearing, the court stated: "The reason for the sentence is protection of the community, seriousness of the crime, and the nature and circumstances of the offense." On appeal, Hill submits this statement is inadequate.

We review sentencing decisions for abuse of discretion, which will only be found if the court acted "on grounds clearly untenable or to an extent clearly unreasonable." *State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2015) (internal quotation marks and citations omitted). "We give sentencing decisions by a trial court a strong presumption in their favor." *Id.*

A sentencing court must state, on the record, its reason for selecting a particular sentence. *State v. Barnes*, 791 N.W.2d 817, 827 (Iowa 2010) (citing Iowa R. Crim. P. 2.23(3)(d)). The court must also provide reasons for imposing consecutive sentences. *See id.* "A statement may be sufficient, even if terse and succinct, so long as the brevity of the court's statement does not prevent review of the exercise of the trial court's sentencing discretion." *State v. Hennings*, 791 N.W.2d 828, 838 (Iowa 2010). We believe the statutory sentencing provision for parole violations takes this case outside the rule requiring the sentencing court to provide reasons for imposing consecutive sentences.

When a person is convicted and sentenced to prison for an aggravated misdemeanor committed while on parole, the person's parole is revoked. *See* Iowa Code § 908.10A. "The new sentence or imprisonment for conviction of an aggravated misdemeanor *shall* be served consecutively with the term imposed for the parole violation, unless a concurrent term of imprisonment is ordered by the court." *Id.* (emphasis added). Thus, under section 908.10A, the default or presumptive sentence is a consecutive sentence. The statute itself is sufficient reason for imposing consecutive sentences. We conclude this statutory presumption obviated any requirement that the sentencing court elucidate reasons for imposing consecutive sentences upon Hill. We therefore affirm Hill's judgment and sentence.

**AFFIRMED.**

Danilson, C.J., concurs; Vaitheswaran, J., dissents.

**VAITHESWARAN, J. (dissenting)**

I respectfully dissent. Section 908.10A empowers a district court to impose the sentences consecutively or concurrently. This choice between two alternatives implicates the court's discretion and, in my view, requires a court to state reasons for imposing consecutive sentences. The court did not state reasons for imposing consecutive sentences. Accordingly, I would vacate the sentence and remand for resentencing. *See* Iowa R. Crim. P. 2.23(3)(d) ("The court shall state on the record its reason for selecting the particular sentence."); *State v. Lumadue*, 622 N.W.2d 302, 304 (Iowa 2001) (stating boilerplate language did not satisfy rule's requirement; "[m]issing was a rationale relating to *this* offense, and *this* defendant's background."); *State v. Jason*, 779 N.W.2d 66, 77 (Iowa Ct. App. 2009) (stating court did not provide any reasons for its decision to impose consecutive sentences).