# IN THE COURT OF APPEALS OF IOWA

No. 14-1261
Filed December 23, 2015

**STATE OF IOWA,**
  Plaintiff-Appellee,

**vs.**

**SHEVIN DARNELL CASTON,**
  Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Bradley J. Harris, Judge.

Shevin Darnell Caston appeals from the concurrent sentences imposed. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kelli Huser, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**POTTERFIELD, Presiding Judge.**

Shevin Darnell Caston appeals from the concurrent sentences imposed following his pleas of guilty to the offenses of felon in possession of a firearm and carrying weapons, contending the district court failed to provide adequate reasons for the sentences imposed.

A sentence that conforms to the statute "is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). If we are not able to review the district court's reasoning, we are unable to determine if there has been an abuse of discretion. *State v. Thacker*, 862 N.W.2d 402, 407 (Iowa 2015). Thus, Iowa Rule of Criminal Procedure 2.23(3)(d) requires the district court to state its reasons for selecting a particular sentence. "A statement may be sufficient, even if terse and succinct, so long as the brevity of the court's statement does not prevent review of the exercise of the trial court's sentencing discretion." *State v. Johnson*, 445 N.W.2d 337, 343 (Iowa 1989). Boilerplate reasons alone are not sufficient. *See State v. Lumadue*, 622 N.W.2d 302, 304 (Iowa 2001).

Here, the district court noted Caston had previous involvement in "dangerous activities," had served a prior sentence of incarceration that "should be enough to send a message to you," and upon release had again chosen to carry a firearm knowing he was not permitted to do so. The court stated that "for the protection of society, it's just necessary that you serve some term of incarceration." The court observed, "[T]here's simply consequences for what you did, and in this case it's going to prison." The sentencing order states that this

particular sentence was "most likely to protect society and rehabilitate the defendant based upon the nature of the offense, defendant's prior record, and the recommendation of the parties and the [presentence investigation report]." We are not prevented from reviewing the district court's reasoning and we find no abuse of discretion in the sentence imposed. We therefore affirm.

**AFFIRMED.**