# IN THE COURT OF APPEALS OF IOWA

No. 15-1601
Filed September 14, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**LUCAS KYLE DANIELS,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, John C. Nelson, District Associate Judge.

A defendant appeals his sentence claiming his right to allocution was violated. **CONVICTION AFFIRMED, SENTENCE VACATED, AND REMANDED FOR RESENTENCING.**

Mark C. Smith, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kristin A. Guddall, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**MCDONALD, Judge.**

Lucas Daniels appeals following his guilty plea to domestic abuse assault, second offense, an aggravated misdemeanor, in violation of Iowa Code section 708.2A(3)(b) (2015). He claims the sentencing court violated his right to allocution.

Daniels filed a written guilty plea in which he asked the court to waive the guilty plea procedures that required the district court to advise him, in person, of his rights pursuant to Iowa Rule of Criminal Procedure 2.8. In the written guilty plea, Daniels also waived his right to a fifteen-day delay between his guilty plea and sentencing, and he asked "that judgment and sentence be pronounced now and without delay at any place in the Third Judicial District of Iowa." The same day the guilty plea was filed, the district court entered a sentencing order accepting the written guilty plea and committing Daniels to the county jail for 365 days, with 305 days suspended. The district court stated the reasons for the sentence were "the facts shown to the court, the plea agreement, presentence investigation or NCIC criminal history report and/or for reasons of deterrence."

A defendant has the right to be present at sentencing. *See* Iowa R. Crim. P. 2.27(1); *State v. Ezell*, No. 11-1530, 2012 WL 5954592, at *1 (Iowa Ct. App. Nov. 29, 2012). Iowa Rule of Criminal Procedure 2.23(3)(d), provides, in part, that before the court pronounces sentence "counsel for the defendant, and the defendant personally, shall be allowed to address the court where either wishes to make a statement in mitigation of punishment." A defendant can waive both the right to be present at sentencing and the right of allocution. *See State v. Shadlow*, Nos. 11-2047, 11-2048, 2013 WL 263340, at *1, *3 (Iowa Ct. App. Jan.

24, 2013). Our cases state the waiver of the right to be present at sentencing is necessarily a waiver of the right of allocution. *See id.* at *3. But the defendant must actually waive the right to be present at sentencing for this rule to apply.

We conclude Daniels did not waive his right to be present at sentencing. The written guilty plea only waived the fifteen-day delay between the plea and sentencing. To say the language of this waiver is also a waiver of the right to be present at the time of sentencing goes too far; the time and place requirements are separate and distinct and have separate purposes. Waiver of one is not waiver of the other. This is evidenced by custom and practice in the district court where defendants frequently seek immediate sentencing, waive time between plea and sentencing, but nonetheless exercise the right of allocution. In each case in which this court has concluded the defendant waived the right of allocution, the defendant signed an express waiver of the right to be present at sentencing and/or the right of allocution. *See id.* at *1, *3; *State v. Estlund*, No. 15-1151, 2016 WL 1359056, at *1–2 (Iowa Ct. App. April 6, 2016) ("I waive the proceeding rights and my right to have the court address me personally . . . I understand that I have the right to allocution which allows me to address the Court personally and make a statement in mitigation of my punishment in this case, as provided by Iowa Rule of Criminal Procedure 2.23(3)(d)."); *State v. Culberson*, No. 13-2049, 2015 WL 6509754, at *1 (Iowa Ct. App. Oct. 28, 2015) ("I expressly waive my right to personally address the court at the time of sentencing. I further agree that the court may impose sentence without my being present."); *State v. Verbeek*, No. 14-0534, 2015 WL 4936397, at *1 (Iowa Ct. App. Aug. 19, 2015) ("[The defendant's] written guilty plea requested immediate

sentencing, waived personal presence, waived filing a motion in arrest of judgment, and acknowledged and waived his right of allocution."). There is no express written waiver here.

To be valid, a defendant's waiver of the right to be present must be knowing, intentional, and unambiguous. *See State v. Lumadue*, 622 N.W.2d 302, 304 (Iowa 2011). The waiver of right to delay sentencing does not constitute a knowing, intentional, and unambiguous waiver of the right to be present at sentencing and the right of allocution. *See id.* (finding that the language "I waive personal conversation with the Court concerning this charge" in a document waiving jury trial to be too ambiguous to knowingly and intentionally waive the right to allocution); *State v. Moore*, No. 13-0223, 2014 WL 69541, at *1, *3 (Iowa Ct. App. Jan. 9, 2014) (finding defendant's waiver of "his right to a delay in sentencing and his right to file a motion in arrest of judgment" in his written guilty plea was not a waiver of his right of allocution and failure of the court to afford the defendant this right was reversible error); *Ezell*, 2012 WL 5954592, at *1 n.2 ("In [the defendant's] written 'Waiver of Jury Trial and Stipulation to Trial on the Minutes of Testimony,' [the defendant] waived his right to allocution at sentencing. The document, however, does not specifically waive [the defendant's] right to be present at the sentencing hearing. We therefore reject the State's claim on appeal that [the defendant] waived his right to be present at sentencing . . . .").

Therefore we affirm Daniels's conviction, but vacate his sentence and remand for resentencing.

**CONVICTION AFFIRMED, SENTENCE VACATED, AND REMANDED FOR RESENTENCING.**

Vaitheswaran, J., concurs; Vogel, P.J., concurs specially.

**VOGEL, Presiding Judge.** (concurring specially)

I agree with the majority that the guilty plea should have contained language specifically waiving the right to be present for sentencing, thereby implicitly waiving the right of allocution. *See State v. Shadlow*, Nos. 11-2047, 11-2048, 2013 WL 263340, at *3 (Iowa Ct. App. Jan. 24, 2013) ("Shadlow's right of allocution was an inseparable part of his right to be present for his sentencing hearings, and he voluntarily chose to absent himself from those proceedings by his written waiver. The court was entitled to proceed with sentencing as if the defendant was present, and his right of allocution was forfeited."). However, I specially concur to note the inconsistency in Daniels's position from district court to appellate review.

Daniels signed a written guilty plea that waived his right to be present and also specifically asked "that judgment and sentence be pronounced now and without delay at any place in the Third Judicial District of Iowa." Daniels's waiver of his right to be present in court for the acceptance of his plea, while at the same time asking for immediate sentencing, seems incongruent with his complaint on appeal that he was not afforded his right of allocution. Did he anticipate the court would deny his request that sentence "be pronounced now and without delay"? Adding to his request for immediate sentencing was the wide latitude he gave that sentence could be pronounced "at any place in the Third Judicial District of Iowa."

The flaw appears to be more of a deficient plea form, now discovered on appeal, rather than a true claim of the denial of the right of allocution at the time of sentencing. Be that as it may, because the written guilty plea does not

explicitly acknowledge either the right to be present at sentencing or the right of allocution, I agree with the majority the matter should be returned to the district court for resentencing.