# IN THE COURT OF APPEALS OF IOWA

No. 16-0788
Filed December 21, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ROGER ALLEN ROUSE,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Clay County, Don E. Courtney, Judge.

Roger Rouse appeals his conviction and sentence following his guilty plea to one count of assault causing bodily injury. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Maria L. Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kristin A. Guddall, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Tabor and Mullins, JJ.

**MULLINS, Judge.**

Roger Rouse appeals his conviction and sentence following his guilty plea to one count of assault causing bodily injury, a serious misdemeanor, in violation of Iowa Code sections 708.1(2) and .2(2) (2015). The district court sentenced Rouse to one year in jail with all but seven days suspended, placed him on probation for one year, and fined him $315.

Rouse claims his counsel rendered ineffective assistance in allowing him to plead guilty when there was not a factual basis to support the charges. An ineffective-assistance-of-counsel claim may be raised and decided on direct appeal when the record is adequate to address the claim. Iowa Code § 814.7(2), .7(3). Normally an ineffective-assistance claim is preserved for possible postconviction-relief proceedings so a more thorough record can be developed and counsel can be given an opportunity to explain his or her conduct. *State v. Biddle*, 652 N.W.2d 191, 203 (Iowa 2002). The record is adequate to address this claim.

We review the entire record to determine if there is a factual basis to support the plea, including a review of the minutes of testimony. *See State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013). The minutes of testimony disclose Rouse got into a disagreement with the victim, grabbed her arm and tried pulling it away from a light switch, leaving scratch marks on her arm, and told her, "I'm going to hurt you." Rouse then grabbed the victim's right bicep and started twisting; an officer later observed a red mark and a series of small bruises on the victim's right bicep. We find a factual basis supports Rouse's guilty plea and his attorney was not ineffective in allowing him to plead guilty to the charge of assault causing bodily injury.

Next, Rouse claims his counsel provided ineffective assistance in permitting him to plead guilty without a valid waiver of his right to plead guilty in open court and address the court in mitigation of sentencing.

The district court may, with the consent of the defendant, waive the in-court colloquy otherwise required by Iowa Rule of Criminal Procedure 2.8(2)(b) in a case involving a serious misdemeanor. *State v. Meron*, 675 N.W.2d 537, 543 (Iowa 2004). Further, a defendant may waive both the right to be present at sentencing and the right to make a statement in mitigation of punishment pursuant to rule 2.23(3)(d). *State v. Shadlow*, Nos. 11-2047, 11-2048, 2013 WL 263340, at *1, *3 (Iowa Ct. App. Jan. 24, 2013). To be valid, a defendant's waiver of the right to be present must be knowing, intentional, and unambiguous. *State v. Lumadue*, 622 N.W.2d 302, 304 (Iowa 2001). Although, in his written guilty plea, Rouse checked the box next to the paragraph stating "I (do)(do not) waive my right to enter this plea of guilty in open court pursuant to Iowa Rule of Criminal Procedure 2.8(2)(b)(5). I (do)(do not) waive my right to appear at sentencing[,]" he did not indicate whether he *did* or *did not* waive those rights. Without a record of these proceedings or anything more than the written guilty plea, we cannot determine whether Rouse knowingly, intentionally, and unambiguously waived his rights.

Because the record is inadequate to address Rouse's claim of waiver on direct appeal, it is preserved for possible postconviction-relief proceedings. *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010) (holding, if an ineffective-assistance claim cannot be addressed on appeal because of an inadequate record, the court must preserve it for postconviction-relief proceedings).

**AFFIRMED.**