# IN THE COURT OF APPEALS OF IOWA

No. 18-0876
Filed January 9, 2019

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**GREG MITCHELL REDDEN,**
       Defendant-Appellant.
_____

       Appeal from the Iowa District Court for Woodbury County, Jeffrey L. Poulson, Judge.

       Greg Redden appeals after pleading guilty to operating while intoxicated, assault on a peace officer, and second-degree criminal mischief.  **AFFIRMED.**

       Zachary S. Hindman of Mayne, Hindman & Daane (until withdrawal), Sioux City, and Priscilla E. Forsyth, Sioux City, for appellant.

       Thomas J. Miller, Attorney General, and Zachary C. Miller, Assistant Attorney General, for appellee.

       Considered by Potterfield, P.J., Doyle, J., and Danilson, S.J.*

       *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**DOYLE, Judge.**

Greg Redden appeals his convictions and sentences after pleading guilty to operating while intoxicated (OWI), assault on a peace officer, and second-degree criminal mischief. He contends his counsel was ineffective and the district court denied him his rights of personal presence and allocution at sentencing.

## I. Guilty Plea.

Redden first contends his counsel was ineffective in allowing him to plead guilty to the criminal-mischief charge without a factual basis. We review ineffective-assistance claims de novo. *State v. Utter*, 803 N.W.2d 647, 651 (Iowa 2011), *overruled on other grounds by Schmidt v. State*, 909 N.W.2d 778 (Iowa 2018). In order to succeed on an ineffective-assistance claim, a defendant must show counsel failed to perform an essential duty and prejudice resulted. *Id.* at 652.

Before accepting a guilty plea, the court must determine the plea has a factual basis. *See* Iowa R. Crim. P. 2.8(2)(b). If counsel allows a defendant to plead guilty to a charge without a factual basis, then an essential duty has been breached and "[p]rejudice is inherent." *State v. Gines*, 844 N.W.2d 437, 441 (Iowa 2014). We look at the entire record before the district court at the time of the plea to determine whether a factual basis for the plea exists. *See State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013). "[T]he record must disclose facts to satisfy all elements of the offense." *Rhoades v. State*, 848 N.W.2d 22, 29 (Iowa 2014).

Redden argues there was an insufficient basis for his guilty plea to the charge of second-degree criminal mischief. Criminal mischief is defined as "[a]ny damage, defacing, alteration, or destruction of property . . . when done intentionally by one who has no right to so act." Iowa Code § 716.1 (2018). An

act of criminal mischief is criminal mischief in the second degree "if the cost of replacing, repairing, or restoring the property that is damaged, defaced, altered, or destroyed exceeds one thousand dollars but does not exceed ten thousand dollars." *Id.* § 716.4(1). Redden claims there is no evidence in the record to support a finding that he had the specific intent to damage the property at issue.

The following exchange occurred at the plea hearing:

> THE COURT: On or about the 4th day of February, 2018, in Woodbury County, Iowa, did you damage a motor vehicle belonging to Marty Dougherty?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: And did you do so while acting with the specific intent to damage the motor vehicle?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: And do you agree that you had no right or authority to damage this motor vehicle?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: And do you agree that the cost to repair the motor vehicle was more than one thousand and less than $10,000?
> THE DEFENDANT: Yes, Your Honor.

Redden's statements at the plea hearing provide a sufficient factual basis to support his criminal-mischief plea. *See State v. Ortiz*, 789 N.W.2d 761, 768 (Iowa 2010). Accordingly, Redden has failed to show his counsel was ineffective. *State v. Rodriguez*, 804 N.W.2d 844, 849 (Iowa 2011) ("[I]f there is a factual basis for the plea, then [defendant]'s ineffective-assistance claim must fail because 'counsel has no duty to raise an issue that lacks merit.'" (citation omitted)).

**II. Sentencing.**

Redden also contends the district court failed to afford him his rights of personal presence and allocution at sentencing on his convictions for OWI and assault on a peace officer. We review defects in the sentencing procedure for an abuse of discretion. *See State v. Thompson*, 856 N.W.2d 915, 918 (Iowa 2014).

An abuse of discretion occurs when the sentencing court acts on ground or for reasons that were clearly untenable or unreasonable. *See id.*

Iowa Rule of Criminal Procedure 2.27(1) secures a defendant's right to be present at sentencing. Rule 2.23(3)(d) affords both defense counsel and the defendant personally the right "to address the court where either wishes to make a statement in mitigation of punishment." However, a defendant can waive both of these rights. *See State v. Shadlow*, Nos. 11-2047, 11-2048, 2013 WL 263340, at *1, *3 (Iowa Ct. App. Jan. 24, 2013).

Redden entered written guilty pleas to the charges for OWI and assault on a peace officer. Both written pleas state: "I heareby waive time for sentencing. I hearby waive my right to be present at sentencing. I waive my right to allocution. I waive my right to make a statement to the court in mitigation of punishment." In capital letters above his signature, both written please further state: "I have read all of the above and understand all of it and the consequences of this guilty plea and represent to the court that it is intelligently and voluntarily made by me."

Redden argues the waivers are insufficient because "nowhere in either document was [he] advised of those rights, or was advised the nature of those rights, or was provided with an explanation of what those rights entail." We disagree. The language of the waivers is plain and unambiguous, and Redden's waiver was knowing and voluntary. *Compare State v. Lumadue*, 622 N.W.2d 302, 304 (Iowa 2001) (finding defendant's waiver of a "personal conversation with the Court concerning this charge" too ambiguous to be a knowing and intentional relinquishment of the right of allocution), *with State v. Culberson*, No. 13-2049, 2015 WL 6509754, at *1 (Iowa Ct. App. Oct. 28, 2015) (determining the defendant

"knowingly and intentionally waived his right to make a statement in mitigation of punishment" by expressly waiving his "right to personally address the court at the time of sentencing," which "unambiguously refer[red] to [the defendant]'s right of allocution"). Because the district court did not abuse its discretion in sentencing Redden without his personal presence or statement of allocution, we affirm.[1]

**AFFIRMED.**

---

[1] The district court imposed sentences consistent with the plea agreement.