# IN THE COURT OF APPEALS OF IOWA

No. 18-2121
Filed October 9, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOSHUA ANDRE BLACK,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Carroll County, Joseph McCarville,
District Associate Judge.


        Defendant appeals his conviction and sentence after he pled guilty to
domestic abuse assault. **CONVICTION AFFIRMED; SENTENCE VACATED;**
**REMANDED FOR RESENTENCING.**


        Kevin Hobbs, West Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney
General, for appellee.


        Considered by Tabor, P.J., and Mullins and May, JJ.

**MAY, Judge.**

Joshua Black filed a written guilty plea to domestic abuse assault while using or displaying a dangerous weapon, an aggravated misdemeanor, in violation of Iowa Code sections 708.1(2), 708.2A(1), and 708.2A(2)(c) (2018).[1] The district court entered an order sentencing Black to prison. It appears undisputed Black was not present for sentencing.

Black now appeals. Although his brief addresses many issues, we believe his arguments boil down to two points. First, he asserts his sentencing procedure was defective. Second, he argues counsel was ineffective.[2]

For his sentencing argument, Black notes his written guilty plea did not contain an explanation or waiver of his right to allocution. "Under Iowa Rule of Criminal Procedure 2.23(3)(d), a defendant has the right to address the court personally 'to make a statement in mitigation of punishment.'" *State v. Shadlow*, Nos. 11-2047, 11-2048, 2013 WL 263340, at *1 (Iowa Ct. App. Jan. 24, 2013). A waiver of this right of allocution must be "knowing and intentional." *State v. Lumadue*, 622 N.W.2d 302, 304 (Iowa 2001). We find nothing in the record to show Black knowingly and intentionally waived his right of allocution. We recognize Black's "right of allocation was an inseparable part of his right to be

---

[1] We recognize Iowa Code sections 814.6 was recently amended to prohibit most appeals from guilty pleas. *See* 2019 Iowa Acts ch. 140, § 28. In *State v. Macke*, however, our supreme court held these amendments "apply only prospectively and do not apply to cases pending on July 1, 2019." ___ N.W.2d ___, ___, 2019 WL 4382985, at *7 (Iowa 2019). We are bound by our supreme court's holding. We conclude, therefore, the amendments "do not apply" to this case, which was pending on July 1, 2019. *See id.*

[2] We recognize section 814.7 was recently amended to prohibit consideration of ineffective-assistance claims on direct appeal. *See* 2019 Iowa Acts ch. 140, § 31. But because this appeal was pending on July 1, 2019, we may consider Black's ineffective-assistance claim on direct appeal if the record is sufficient. *See Macke*, ___ N.W.2d at ___, 2019 WL 4382985, at *7.

present for [a] sentencing hearing[]." *Shadlow*, 2013 WL 263340, at *3. But, unlike in *Shadlow*, nothing in this record shows Black specifically waived his right to be present at sentencing. *See id.* So we remand for resentencing. *See Lumadue*, 622 N.W.2d at 304.

Black also alleges counsel was ineffective. Yet he concedes "the record may not be developed as to Mr. Black's argument that his counsel was ineffective." We agree. And we preserve his claims for a future postconviction-relief action. *See State v. Harris*, 919 N.W.2d 753, 754 (Iowa 2018) ("If the development of the ineffective-assistance claim in the appellate brief was insufficient to allow its consideration, the court of appeals should not consider the claim, but it should not outright reject it.").

**CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.**