# IN THE COURT OF APPEALS OF IOWA

No. 19-0522
Filed March 4, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**TRAVIS JEFFREY BARKER,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Carroll County, Joseph McCarville, District Associate Judge.

Travis Barker appeals his conviction and sentence after he pled guilty to assault. **CONVICTION AFFIRMED, SENTENCE VACATED, AND REMANDED FOR RESENTENCING.**

Kevin Hobbs, West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and May and Greer, JJ.

**MAY, Judge.**

Travis Barker filed a written guilty plea to assault, a serious misdemeanor, in violation of Iowa Code sections 708.1 and 708.2 (2018).[1]  The district court sentenced him accordingly.  But it appears undisputed Barker was not present for sentencing.

He now appeals.  While Barker's brief mentions many issues, we believe he only makes two arguments.  First, he claims there was a defect in the sentencing procedure.  And second, he claims trial counsel was ineffective.

Regarding the sentencing procedure, we note the language in Barker's written plea is nearly identical to the plea in *State v. Black*.  No. 18-2121, 2019 WL 5063330, at *1 (Iowa Ct. App. Oct. 9, 2019).  In *Black*, we noted a defendant's right to appear before the judge and make an allocution is guaranteed by Iowa Rule of Criminal Procedure 2.23(3)(d).  *Id.*  And we found Black had neither "knowingly and intentionally waived his right of allocution" nor "specifically waived his right to be present at sentencing" in his written plea.  *Id.*; *see State v. Lumadue*, 622 N.W.2d 302, 304 (Iowa 2001) (finding a right-of-allocution waiver must be "knowing and intentional"); *State v. Shadlow*, Nos. 11-2047, 11-2048, 2013 WL 263340, at *3 (Iowa Ct. App. Jan. 24, 2013) (noting the right of allocution is inseparable from the right to be present at sentencing).  So we remanded for resentencing.  *Black*, 2019 WL 5063330, at *1.

---

[1] We recognize Iowa Code section 814.6 was recently amended to prohibit most appeals from guilty pleas.  *See* 2019 Iowa Acts ch. 140, § 28.  In *State v. Macke*, however, our supreme court held these amendments "apply only prospectively and do not apply to cases pending on July 1, 2019."  933 N.W.2d 226, 235 (Iowa 2019).  Therefore, we conclude the amendments "do not apply" to this case, which was pending on July 1, 2019.  *See id.*

The same is true here. The State contends Barker implicitly waived his right to allocution by, among other things, requesting immediate sentencing. We disagree. As in *Black*, Barker's written guilty plea contained no waiver of Barker's right to allocution. *See id.* So, as in *Black*, we remand for resentencing. *See id.*

Barker also argues counsel was ineffective for failing to properly investigate and pursue his self-defense claim.[2] Our review is de novo. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). "If an ineffective-assistance-of-counsel claim is raised on direct appeal from the criminal proceedings, we may decide the record is adequate to decide the claim or may choose to preserve the claim for postconviction proceedings." *Id.* We find the record is inadequate to decide this claim and preserve it for a future postconviction proceeding. *See State v. Ondayog*, 722 N.W.2d 778, 786 (Iowa 2006) ("[P]ostconviction proceedings are often necessary to discern the difference between improvident trial strategy and ineffective assistance.").

**CONVICTION AFFIRMED, SENTENCE VACATED, AND REMANDED FOR RESENTENCING.**

---

[2] We recognize section 814.7 was recently amended to prohibit consideration of ineffective-assistance claims on direct appeal. *See* 2019 Iowa Acts ch. 140, § 31. But because this appeal was pending on July 1, 2019, we may consider Barker's ineffective-assistance claim on direct appeal if the record is sufficient. *See Macke*, 933 N.W.2d at 235.