# IN THE COURT OF APPEALS OF IOWA

No. 23-1605
Filed December 18, 2024

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**QUINTIN DEMILO CLEMONS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Korie Talkington, Judge.

The defendant challenges the sentence imposed following his guilty plea for eluding, first offense. **AFFIRMED.**

Nathan A. Mundy (until withdrawal) of Mundy Law Office, P.C., Des Moines, and Des C. Leehey of Cameron Leehey Law Firm, PLLC, Cedar Rapids, for appellant.

Brenna Bird, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

Considered by Greer, P.J., Schumacher, J., and Potterfield, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**POTTERFIELD, Senior Judge.**

As part of a plea agreement he entered into with the State, Quintin Clemons pled guilty to eluding, first offense. *See* Iowa Code § 321.279(1)(a) (2023). The State agreed to recommend a sentence of 120 days in county jail with all but ten days suspended while Clemons was free to make any request. Following an unreported sentencing hearing, the district court sentenced Clemons to 240 days in county jail with all but thirty days suspended and placed him on probation. Clemons appeals that sentence,[1] arguing the district court failed to provide adequate reasons on the record for imposing a more severe sentence than he requested or the State recommended.

Iowa Rule of Criminal Procedure 2.23(1)(f) requires the court to "ensure that the basis for the sentence imposed appears in the record." Where, as here, the sentencing hearing is unreported, the court is required "to include in [its] sentencing order the reason for the sentence." *State v. Thompson*, 856 N.W.2d 915, 920–21 (Iowa 2014). "Errors in sentencing, including contentions the trial court failed to articulate adequate reasons for a particular sentence, 'may be challenged on direct appeal even in the absence of an objection in the district court.'" *State v. Thacker*, 862 N.W.2d 402, 405 (Iowa 2015) (citation omitted). "[I]f the defendant waives reporting of the sentencing hearing and the court fails to state its reasons for the sentence in the written sentencing order, the court has

---

[1] As he is challenging his sentence, Clemons has good cause for this appeal. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) ("[G]ood cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea.").

abused its discretion, and we will vacate the sentence and remand the case for resentencing." *Thompson*, 856 N.W.2d at 921.

Here, the court completed a sentencing form, including the following as its reason for the sentence imposed:

- ☑ The plea agreement of the parties, oral or written
- ☑ The nature and circumstances of the offense
- ☐ Victim impact statement(s)
- ☑ Defendant's criminal history, or lack thereof
- ☑ Statutory sentencing requirements
- ☐ Defendant's substance abuse history and the treatment options available in the community and in the correctional system
- ☐ Defendant's mental health history and the treatment options available in the community and in the correctional system
- ☐ Defendant's family circumstances
- ☐ Defendant's propensity for further criminal acts
- ☐ Defendant's age and character
- ☐ Defendant's employment

Additionally, in the spot where the court could include a "statement of its reasons for and the facts supporting its decision," the court added: "The suspended sentence and probation provided for below is based on Defendant's maximum opportunity for rehabilitation in the community."

First, Clemons complains the court did not explain why it imposed a sentence that was longer than even the State recommended. While Clemons's wish for more information is understandable, the district court was not required to explain why it rejected his request and the State's recommendation—"district courts are not obligated 'to give its reasons for rejecting particular sentencing options.'" *State v. Wilbourn*, 974 N.W.2d 58, 67 (Iowa 2022) (citation omitted). The sentencing court is only required to "explain its reasons for selecting the sentence imposed." *Id.* (citation omitted). Clemons suggests the court was wrong not to follow the plea agreement, but—as he recognizes in his appellate brief—the

plea agreement was not binding on the court. *Cf.* Iowa R. Crim. P. 2.10 (providing the procedure when a plea is conditioned on the court's acceptance of a sentencing agreement). So the court was free to impose a sentence other than those recommended by the parties; it was just required to provide reasons for why it exercised its discretion in the way it did. *See Thacker*, 862 N.W.2d at 410 ("[If] the district court departed from any agreement the parties may have had, then the district court exercised discretion and, as a result, must make a statement on the record as to why it exercised its discretion in the way it did.").

Second, Clemons attacks the reasons the court did give, asserting that the court relied on only boilerplate statements, which is not sufficient to satisfy the requirements of rule 2.23(1)(f). We recognize the prohibition on boilerplate language alone as stated in *State v. Lumadue*, 622 N.W.2d 302, 304 (Iowa 2001). But in more recent cases, our supreme court has approved of the use of sentencing order forms, allowing the district court to "check boxes indicating the reasons why a judge is imposing a certain sentence" to meet its obligation to state reasons for the sentence on the record. *See State v. Luke*, 4 N.W.3d 450, 457 (Iowa 2024) (noting the boilerplate language of *Lumadue* that was found inadequate came from a "pre-printed," "one-size-fits-all form" where there was no personalization or selection of criteria); *Thompson*, 856 N.W.2d at 921 (providing that, when properly filled out, a check-the-box form is an acceptable way to express the court's reasons for a particular sentence imposed). The sentencing court's action of marking the factors it found relevant provides a personalized sentencing rationale. And while the court's reliance on four factors and one additional written statement may be "terse and succinct," it is enough to enable our review of the court's discretion. *See*

*State v. Wilson*, 5 N.W.2d 628, 634 (Iowa 2024) ("A terse and succinct statement is sufficient provided that the brevity of the court's statement does not prevent appellate review of the exercise of the trial court's sentencing discretion.").

Finding no errors or abuse of discretion, we affirm Clemons's sentence.

**AFFIRMED.**