# IN THE COURT OF APPEALS OF IOWA

No. 19-0087
Filed March 4, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ANTHONY GUY STONER,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.

Anthony Stoner appeals his convictions and sentences following his guilty pleas to three counts of lascivious acts with a child. **CONVICTIONS AFFIRMED; SENTENCES AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

Martha J. Lucey, State Appellate Defender, and Mary K. Conroy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Greer and Ahlers, JJ.

**AHLERS, Judge.**

Anthony Stoner appeals his convictions and sentences following his guilty pleas to three counts of lascivious acts with two children in violation of Iowa Code 709.8(1)(a) (2018). On appeal, he argues (1) his guilty pleas were not knowing and voluntary; (2) the district court abused its discretion by failing to provide adequate reasons for ordering consecutive sentences; (3) the district court erred by unlawfully assessing restitution against him; and (4) the district court entered an illegal sentence by imposing surcharges under Iowa Code section 911.2B on one of the cases.[1]

## I.     Background

This appeal arises out of two cases. In the first case, the State charged Stoner with three counts of sexual abuse in the second degree, a class "B" felony, in violation of Iowa Code section 709.3(1)(b). In the second, the State charged Stoner with three counts of sexual abuse in the third degree, a class "C" felony, in violation of Iowa Code section 709.4(1)(b)(2). The alleged victim of all crimes charged in the first case was a minor, H.B. The alleged victim of all crimes charged in the second case was a minor, M.H. As part of a plea agreement, Stoner pleaded guilty to two counts of lascivious acts with a child with respect to H.B. and one count of lascivious acts with a child with respect to M.H. *See* Iowa Code § 709.8(1)(a). In exchange, the State agreed to dismiss all other charges

---

[1] Recent legislation prohibits appeals from guilty pleas to non-class "A" felonies and adjudication of ineffective-assistance-of-counsel claims on direct appeal. *See* 2019 Iowa Acts ch. 140, §§ 28, 31. However, the Iowa Supreme Court has determined neither amendment applies to appeals filed before July 1, 2019. *State v. Macke*, 933 N.W.2d 226, 235 (Iowa 2019). Because Stoner filed his appeal before July 1, 2019, we will consider his arguments.

against Stoner and concur with the recommendations in the presentence investigation report (PSI).

At the plea hearing, the district court discussed the terms and consequences of pleading guilty, and the State described the maximum penalties associated with the charges. In relevant part, the State informed Stoner the charges "each carry a fine between $1000 and $10,000, plus a 35 percent surcharge. He would be responsible for restitution for court-appointed attorney's fees, court costs, as well as for restitution to the victims in this case." After accepting Stoner's guilty plea, the district court ordered a PSI to be prepared and set a future date for sentencing. The district court then addressed how Stone could later challenge the plea:

> A motion in arrest of judgment is a motion to take back your guilty plea. In order to be successful in your motion in arrest of judgment, you must allege and prove that there was something that was constitutionally infirm or something that was illegal that happened during this plea taking. Can't just take back your guilty plea because you've got buyer's remorse or you wish you wouldn't have done it, there's got to be something illegal that happened here today.
> . . . . If you don't file that motion within forty-five days of today's date but at least five days prior to your sentencing, you will be forever barred from challenging what's occurred here today through a motion in arrest of judgment.
> And so if it is, in fact, your desire to file that motion, talk to your attorney about it and he will assist you in pleading what's appropriate and getting that motion on file. But once again, it is jurisdictional, which means if you don't do it within forty-five days of today's date but at least five days prior to sentencing, you're not going to be able to challenge these proceedings with a motion in arrest of judgment.

After the plea hearing, a PSI was prepared and filed. The PSI recommended incarceration. After the PSI was filed, defense counsel filed a motion in arrest of judgment and then a motion to withdraw. The motion in arrest of judgment does not explain the basis for the motion apart from stating Stoner

"believes that there was a material defect" because his counsel "did not fully explain the plea agreement to the [d]efendant and all of the collateral consequences."

At the sentencing hearing, the court first considered both the motion in arrest of judgment and the motion to withdraw. In a colloquy with the court, Stoner noted the motion to withdraw was originally based on his belief defense counsel did not explain the consequences of pleading guilty. However, Stoner claimed, at the time of the hearing, that the basis for the motion was that he did not have a meaningful choice between pleading guilty and going to trial and he did not have adequate time to consult with counsel:

> THE COURT: But my understanding is that the motion to withdraw is because you believe that you weren't properly informed about the collateral consequences of your guilty plea; is that right or not?
> STONER: That's what it was originally filed on. It was more—it was more towards the damned if I do and damned if I don't. It was just a matter of time and having the opportunity to—the limited opportunities to talk with [defense counsel]. . . .
> . . . .
> He—just in the amount of—not that he didn't make an attempt, I don't want to make it sound like that. It's just that, you know, having the time—it's a lengthy process, Your Honor. And I just felt that the two hours before time was—or before court wasn't adequate time to be ready to go to trial. And I hadn't seen—hadn't seen him previously except for the depositions.

The district court denied the motion to withdraw, stating that, based on the colloquy during the plea hearing, the defendant was satisfied with the services of his attorney and he had agreed that he had sufficient time to discuss the case with his attorney.

The court next denied Stoner's motion in arrest of judgment:

I do believe that an adequate record was made at the time of the guilty plea. I understand that Mr. Stoner feels as though—or at least the grounds for his motion are that there was a material defect in the plea hearing because he didn't fully understand the plea agreement and all of the collateral consequences, and that was adequately covered in the guilty plea.

. . . .

Furthermore, as I discussed earlier, the transcript of the plea indicates that the defendant was informed of the collateral consequences. And I think that the case law is very well settled that not liking the potential judgment or potential consequences of entering a guilty plea do not—in other words, the punishment that's applicable, are not sufficient to negate a guilty plea.

The district court sentenced Stoner to ten years of incarceration on each charge, with the two charges related to H.B. running concurrent with each other and consecutive with the charge related to M.H., for a total term of incarceration not to exceed twenty years. The court also ordered Stoner to pay a fine of $1000.00 on each count plus a thirty-five percent surcharge. The court suspended the fine due to Stoner's incarceration. The court also noted there is "a $100 surcharge for domestic abuse, sexual assault, stalking, and human trafficking" that Stoner was ordered to pay, and Stoner was ordered to pay court costs. Stoner appeals.

## II.    Standard of Review

"Generally our review of a challenge to the entry of a guilty plea is for correction of errors at law. However, when the challenge arises in the context of an ineffective-assistance claim, our standard of review is de novo." *State v. Tate*, 710 N.W.2d 237, 239 (Iowa 2006) (citations omitted). "We review challenges to denials of motions in arrest of judgment for an abuse of discretion." *State v. Petty*, 925 N.W.2d 190, 194 (Iowa 2019). "We review sentencing decisions for an abuse of discretion when the sentence is within the statutory limits." *State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018). "We will find an abuse of discretion when 'the district

court exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable.'" *Id.* (quoting *State v. Thompson*, 856 N.W.2d 915, 918 (Iowa 2014)). "We review restitution orders for correction of errors at law." *State v. Albright*, 925 N.W.2d 144, 158 (Iowa 2019). And we review constitutional challenges to illegal sentences de novo. *Petty*, 925 N.W. at 195.

### III. Discussion

#### a. Involuntary Guilty Plea

Stoner first argues his guilty plea was not knowing and voluntary because he was not told about the mandatory $100 sexual assault surcharges under Iowa Code section 911.2B as to both charges related to H.B. before tendering his guilty pleas. *See State v. Weitzel*, 905 N.W.2d 397, 407–08 (Iowa 2017) (holding surcharges are a form of punishment of which a defendant must be informed prior to submitting a guilty plea and failure to so inform a defendant is a failure to actually or substantially comply with Iowa Rule of Criminal Procedure 2.8(2)(b)(2)). The State argues Stoner failed to preserve error because he did not raise the surcharges in his motion in arrest of judgment or during the discussion of the motion during the sentencing hearing. Stoner responds first by arguing his motion in arrest of judgment was sufficient to preserve his claim because the district court noted the motion was based partially on the ground "there was a material defect in the plea hearing." Second, Stoner argues he may challenge his guilty plea on direct appeal because the district court did not properly advise him of "the preclusive effect of failing to challenge a guilty plea by filing a motion in arrest of judgment" as required under Iowa Rule of Criminal Procedure 2.8(2)(d).

Stoner's first argument is unpersuasive. "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002); *see also State v. Rutledge*, 600 N.W.2d 324, 325 (Iowa 1999) ("Nothing is more basic in the law of appeal and error than the axiom that a party cannot sing a song to us that was not first sung in trial court."). Here, there is no indication the district court considered the section 911.2B surcharges when ruling on Stoner's motion in arrest of judgment because the district court was never informed that the surcharges were an issue. The surcharges were not mentioned in the motion in arrest of judgment or during a discussion of that motion during the sentencing hearing. The motion's vague statement "that there was a material defect in the [p]lea [h]earing" in no way put the court on notice that failure to discuss surcharges was an issue. *See Meier*, 641 N.W.2d at 540 ("The claim or issue raised does not actually need to be used as the basis for the decision to be preserved, but the record must at least reveal the court was aware of the claim or issue and litigated it."). We conclude Stoner has not preserved his argument regarding failure to inform him of the section 911.2B surcharges for this appeal.

We also find Stoner's second argument unpersuasive. Under Iowa Rule of Criminal Procedure 2.8(2)(d), the district court must "inform the defendant that any challenges to a plea of guilty based on alleged defects in the plea proceedings must be raised in a motion in arrest of judgment and that failure to so raise such challenges shall preclude the right to assert them on appeal." If the court fails to do so, the defendant may challenge the guilty plea on direct appeal. *State v. Fisher*, 877 N.W.2d 676, 680 (Iowa 2016). "We employ a substantial compliance

standard in determining whether a trial court has discharged its duty under rule 2.8(2)(d)." *State v. Straw*, 709 N.W.2d 128, 132 (Iowa 2006).

At the plea hearing, the court warned Stoner he would "be forever barred from challenging what's occurred here today through a motion in arrest of judgment." This court has found similar language satisfies rule 2.8(2)(d). *See State v. Gochett*, No. 15-0418, 2017 WL 1735606, at *1 (Iowa Ct. App. May 3, 2017) (finding that the district court's warning that the defendant would "be forever barred from filing a motion in arrest of judgment and forever attacking this guilty plea" substantially complied with rule 2.8(2)(d)). Furthermore, Stoner's awareness of the substance of rule 2.8(2)(d) is evidenced by the fact he filed a motion in arrest of judgment. We conclude the district court's warning substantially complied with rule 2.8(2)(d).

Alternatively, Stoner argues his trial counsel was ineffective for failing to file a motion in arrest of judgment "specifically highlighting that the district court did not inform Stoner of the applicable surcharges." "We can reach an ineffective-assistance-of-counsel claim on a direct appeal if the record is sufficient to reach it." *State v. Harris*, 919 N.W.2d 753, 754 (Iowa 2018). But "[w]e normally preserve ineffective-assistance-of-counsel claims for postconviction-relief proceedings." *State v. Brown*, 930 N.W.2d 840, 844 (Iowa 2019). "Preserving these claims for postconviction relief allows the parties to develop an adequate record of the claims and provides the attorney charged with ineffective assistance with the 'opportunity to respond to defendant's claims.'" *State v. Harrison*, 914 N.W.2d 178, 206 (Iowa 2018) (citation omitted). On our review, we conclude the record on direct appeal is insufficient to resolve Stoner's ineffective-assistance-of-counsel claim, as

Stoner's counsel should be given the opportunity to respond to Stoner's claim. We preserve that claim for postconviction-relief proceedings.

### b. Consecutive Sentences

Stoner next argues the district court abused its discretion by failing to provide adequate explanation for imposing consecutive sentences. Under Iowa Rule of Criminal Procedure 2.23(3)(d), the sentencing court must "state on the record its reason for selecting the particular sentence." This obligation includes explaining the decision to impose consecutive sentences. *State v. Hill*, 878 N.W.2d 269, 273 (Iowa 2016). "Although the reasons need not be detailed, at least a cursory explanation must be provided to allow appellate review of the trial court's discretionary action." *State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000). "The district court can satisfy this requirement by orally stating the reasons on the record or placing the reasons in the written sentencing order." *State v. Thompson*, 856 N.W.2d 915, 919 (Iowa 2014). The portions of the record to review for an adequate explanation of the reasons for consecutive sentences include the sentencing colloquy, sentencing order, and presentence investigation report referred to by the district court. *State v. Johnson*, 445 N.W.2d 337, 344 (Iowa 1989).[2]

---

[2] *State v. Johnson* was overruled on a separate issue in *State v. Hill*, 878 N.W.2d 269 (Iowa 2016). In *Hill*, the supreme court confirmed that sentencing courts are encouraged to give more detailed reasons for a sentence specific to a defendant and are required to explicitly state the reasons for imposing consecutive sentences, although in doing so the sentencing court may rely on the same reasons for imposing a sentence of incarceration. 878 N.W.2d at 274. *Hill* overruled *Johnson* on the issue of whether appellate courts are allowed to infer the reasons for consecutive sentences are the same as the reasons for the sentence in general as part of the overall sentencing plan, holding that such an inference is improper. *Id.* *Hill* does not appear to overrule *Johnson* on the issue of whether the record to review to determine whether adequate reasons for imposing

Stoner argues the district court did not provide sufficient explanation because "the language contained in the sentencing order is boilerplate" and it appears the district court did not mark the boxes on the sentencing form; instead, the prosecutor submitted a filled form for the court's signature. Stoner bases this argument primarily on the Iowa Supreme Court's decision in *State v. Lumadue*. 622 N.W.2d 302 (Iowa 2001). In *Lumadue*, the court found that the "pre-printed" and "boilerplate" sentencing order was insufficient to comply with rule 2.23(3)(d) where the sentencing transcript did not address the court's reasons. *Id.* at 304. The supreme court concluded the pre-printed order's statements that "[t]he [c]ourt has determined that this sentence will provide reasonable protection of the public" and "[p]robation is denied because it is unwarranted" did not "permit appellate review of the court's discretionary action." *Id.*

The case before us is distinguishable from *Lumadue*. Here, the district court stated reasons for the sentence imposed during the sentencing hearing and verbally announced that the sentences imposed for the crimes in one case (involving crimes committed against H.B.) would be served consecutively to the sentence imposed for the crime in the other case (involving a crime committed against M.H.). While the district court did not state reasons for consecutive sentences during the sentencing hearing, the record was completed by the court's entry of a sentencing order that expanded on the stated reasons for imposing consecutive sentences. In the written sentencing order issued after the sentencing hearing, the court explained that the sentences were consecutive due to "the

---

consecutive sentences were stated includes the sentencing colloquy, sentencing order, and presentence investigation report referred to by the district court.

separate and serious nature of the offenses (separate victims)" and to "carry out the plea agreement." Both reasons are responsive "to *this* offense, and *this* defendant's background" as required by *Lumadue. Id.* at 305. Stoner pleaded guilty to sex offenses against two minor children. The incidents related to H.B. occurred in 2018. The incidents related to M.H. occurred in 2010. At the plea hearing, the State told the court "[defense counsel] agrees to consecutive sentences as to the two victims. So, Judge, it would be a 20-year sentence." Although these terms of the plea agreement were not commented on directly by the district court during the sentencing hearing, the sentencing judge was the same judge that presided at the plea hearing. The judge referred to the transcript of the plea hearing repeatedly during the sentencing hearing, suggesting the judge was well aware of the terms of the plea agreement that called for consecutive sentences with respect to the separate victims. So, even though the plea agreement calling for consecutive sentences was not directly referenced during the sentencing hearing, the district court clearly used the plea agreement as one of the factors in deciding on consecutive sentences since the court included that factor in the written sentencing order that followed. Under these circumstances, we conclude the reasons for imposing consecutive sentences in the sentencing order were not boilerplate and were sufficient to satisfy rule 2.23(3)(d).

Stoner next argues the sentencing order was insufficient because it appears the prosecutor filled out a form and submitted it for the court's signature. Stoner does not explain why the prosecutor filling out the form on the court's behalf proves the reasons provided were not the court's, especially given the fact that the court announced the sentence before the order was processed, there is nothing in the

record suggesting the court did not feel free to amend or outright reject the proposed draft order, and the court affixed its signature to the order. Stoner also cites no authority supporting this argument. *See* Iowa R. App. P. 6.903(2)(g)(3) (providing that failure to cite authority in support of an issue may be deemed waiver of that issue).

Based on the statements made during the sentencing hearing coupled with the statements made in the written sentencing order that followed, we conclude the district court did not commit error by using a sentencing order completed by the prosecutor after the sentence was announced and the district court provided sufficient reasons for imposing consecutive sentences. Therefore, we find no abuse of discretion in sentencing.

### c. Restitution

Stoner also argues the district court erred by (1) failing to consider his reasonable ability to pay when it assessed certain court costs against him and (2) ordering him to pay court costs without knowing the total amount of those costs.

At sentencing, the district court inquired about Stoner's ability to pay attorney fees. However, the district court did not make a specific inquiry regarding his ability to pay court costs, simply stating "the defendant is to pay the costs in the case." It does not appear the district court was aware of the total amount of court costs at the sentencing hearing, and the sentencing order does not specify how much restitution Stoner will be required to pay.

The Iowa Supreme Court recently outlined the proper procedure for ordering restitution:

> Courts must wait to enter a final order of restitution until all items of restitution are before the court. Once the court has all the items of restitution before it, then and only then shall the court make an assessment as to the offender's reasonable ability to pay. A court should make every effort to determine an offender's financial condition as early as possible. This may require the offender filing an updated financial statement, a colloquy with the offender, or both. A court cannot impose restitution on an offender for the items subject to the offender's reasonable ability to pay if the offender does not have a reasonable ability to pay those items.

See State v. Albright, 925 N.W.2d 144, 162 (Iowa 2019). Applying Albright, we vacate the restitution part of the sentencing order and remand to the trial court for completion of a final restitution order and a subsequent determination of Stoner's reasonable ability to pay.

### d. Illegal Sentence

Finally, the parties agree the district court imposed an illegal sentence by ordering Stoner to pay the $100 section 911.2B surcharge in relation to the count of lascivious acts a child in regard to M.H. The Iowa Supreme Court found the section 911.2B surcharge does not apply to conduct occurring prior to the statute's effective date of July 1, 2015. See Petty, 925 N.W.2d at 197; see also 2015 Iowa Acts ch. 96, §§ 15, 17. The underlying facts of the charge related to M.H. occurred in 2010. Therefore, we vacate the portion of the sentence imposing the section 911.2B surcharge in regard to the charge related to M.H. and remand for entry of a corrected sentence.

### IV. Conclusion

Stoner did not preserve error as to his challenge to his guilty plea, he is not excused from doing so, and we preserve his related ineffective-assistance claim for postconviction-relief proceedings. The district court provided adequate

reasons for imposing consecutive sentences. We vacate the part of Stoner's sentences regarding the section 911.2B surcharge related to M.H and restitution. We remand to the district court for entry of a corrected sentence and resentencing consistent with this opinion.

**CONVICTIONS AFFIRMED; SENTENCES AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**