# IN THE COURT OF APPEALS OF IOWA

No. 19-1584
Filed April 14, 2021

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**PATRICK MARTINSON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Linn County, Casey D. Jones, District

Associate Judge.


        Patrick Martinson appeals his sentence for witness tampering.  **AFFIRMED.**


        Thomas J. Viner of Viner Law Firm, PC, (until withdrawal) and Cory

Goldensoph, Cedar Rapids, for appellant.

        Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney

General, for appellee.


        Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**GREER, Judge.**

Patrick Martinson appeals his sentence for witness tampering, arguing the court abused its discretion and did not adequately explain its reasoning for imposing the sentence.

## I. Facts and earlier proceedings.

In 2018, Martinson was charged with and pled guilty to tampering with a witness, an aggravated misdemeanor in violation of Iowa Code section 720.4 (2018). The court originally granted Martinson's request for a deferred judgment and placed him on one year of self-supervised probation, requiring he commit no further law violations.

Less than a year later, Martinson was arrested for public intoxication. In August 2019, Martinson pled guilty to the public-intoxication charge, stipulating it was a probation violation. At the sentencing hearing the next month, the State requested the district court revoke Martinson's deferred judgment on the witness-tampering charge and impose a jail sentence of 180 days. Martin countered, requesting either continued probation or a contempt sentence. The district court elected to revoke the deferred judgment and enter a judgment of conviction; it sentenced Martinson to 365 days in jail with 275 days suspended and placed Martinson on two years formal probation. Martinson appeals the sentence, claiming the district court abused its discretion and did not comply with Iowa Rule of Criminal Procedure 2.23(3)(d), which requires district courts to "state on the record its reason for selecting the particular sentence" before entering judgment.

**II. Standard of review and error preservation.**

Iowa Code section 814.6(1)(a)(3) (Supp. 2019) limits the right to appeal from guilty pleas for non-class "A" felonies to those cases "where the defendant establishes good cause." Here, Martinson pled guilty to an aggravated misdemeanor and judgment was entered against him in September 2019, so section 814.6(1)(a)(3) applies to his appeal. *See State v. Damme*, 944 N.W.2d 98, 103 n.1 (Iowa 2020). However, our supreme court has held "that good cause exists to appeal from a conviction following a guilty plea where the defendant challenges his or her sentence rather than the guilty plea." *Id.* at 105. And Martinson, like the defendant in *Damme*, is challenging his sentence rather than his guilty plea, and he "received a discretionary sentence that was neither mandatory nor agreed to as part of [the] plea bargain." *Id.* Thus, Martinson satisfied the good cause requirement for his appeal under section 814.6(1)(3)(a).

As to standard of review, we review a sentence imposed in a criminal case for correction of errors at law. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *Id.* Abuse of discretion occurs when "the district court exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable." *State v. Thompson*, 856 N.W.2d 915, 918 (Iowa 2014). Additionally, when the sentence imposed by the district court is within the statutory limits, it "is cloaked with a strong presumption in its favor." *Formaro*, 638 N.W.2d at 724.

**III. Analysis.**

The crux of Martinson's argument is that the sentence is too harsh for the crime and the district court failed to address Martinson's age, education, employment, family situation, or other mitigating factors. Martinson claims the district court did not state adequate reasons on the record to support the sentence imposed. Our task on appeal is not to second-guess the sentencing court's decision. *Id.* at 725. And we do not look to see if the challenged sentence is one we would have imposed; the question is "whether the sentence imposed was reasonable." *State v. Wickes*, 910 N.W.2d 554, 572 (Iowa 2018).

Here, the court sentenced Martinson to 365 days in jail, with 275 days suspended, and two years' probation. The court exercises its discretion in determining which of the authorized sentences "will provide maximum opportunity for rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others." Iowa Code § 901.5. When exercising its discretion the court "should weigh and consider all pertinent matters . . . including the nature of the offense, the attending circumstances, defendant's age, character and propensities and chances of his reform." *State v. August*, 589 N.W.2d 740, 744 (Iowa 1999) (citations omitted). The court should also consider the defendant's prior criminal record, employment status, and family circumstances. *Damme*, 944 N.W.2d at 106. But a "sentencing court need only explain its reasons for selecting the sentence imposed and need not explain its reasons for rejecting a particular sentencing option." *State v. Ayers*, 590 N.W.2d 25, 28 (Iowa 1999).

Martinson claims that the court "did not fully address [his] age, education, employment, family situation, or other potentially mitigating factors." We note the district court provided a written statement of reasons for imposing the sentence in its final sentencing order that mentioned all these factors.[1] Martinson argues the written statement of reasons provided here are no more than boilerplate and insufficient. However, our supreme court held the requirements of rule 2.23(3)(d) can be satisfied by orally stating the reasons for the sentence on the record or by stating them in a written sentencing order so long as the record provides a sufficient basis for appellate review of sentencing. *State v. Lumadue*, 622 N.W.2d 302, 304 (Iowa 2001).[2] Further, the statement of reasons for imposing a sentence may be terse and succinct "so long as the brevity of the court's statement does not prevent review of the exercise of the trial court's sentencing discretion." *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015). Likewise, sentences based on factors like "protection of the community, the seriousness of the crime, and the nature and circumstances of the offense" demonstrate sufficient consideration. *State v. Hill*, 878 N.W.2d 269, 273 (Iowa 2016).

---

[1] In the sentencing order, the district court stated:
> The reasons for this sentence include information provided the Court at sentencing and as set out in the court file herein, including the Defendant's age, family circumstances, education, prior criminal record, the facts and circumstance of this offense, and the belief that this sentence will provide the greatest benefit to the Defendant and the community. The Court has also considered recommendations by counsel, including the State, defendant's history of convictions for similar offenses, and defendant's employment.

[2] The court has also expressed a preference that district courts inform criminal defendants "face to face" about the consequences of their actions, especially when a defendant has waived reporting of the sentencing hearing. *Lamadue*, 622 N.W.2d at 305.

Contrary to Martinson's argument, in addition to its written statement in the sentencing order, the district court gave specific reasons for the sentence at the hearing, explaining:

> I am not of the mind that this was some sort of mistake or whatever, that it should just be a slap on the hand. I do think that continued probation is important as well. However, I don't find that that's the necessary sanction, based on all the reasons that I've said, the underlying charge, the circumstances of the violation, your prior record . . . for the intox and the other interference with official acts charge that I referred to.

Notably the district court went further and provided the primary reason for the sentence imposed was the nature of the witness tampering activity, for which Martinson originally received a deferred judgment.

> The court can think of really no other criminal offense that goes more to the heart of the criminal justice system, or the justice system as a whole and the integrity of that system. . . .
> [W]hen you're threatening witnesses[3] to a proceeding, that cuts to the very heart of the judicial process. It hurts everyone. . . . It undermines confidence in the system, and it is an egregious offense, in my opinion.

The court also noted this was not Martinson's first conviction for public intoxication and in this most recent incident, he was very intoxicated at a "family friendly event." In light of the witness tampering, two public intoxication convictions, and another prior conviction for interference with official acts, the district court observed Martinson showed a pattern of lack of respect for the system as a whole.

The district court considered the recommendations of Martinson and the

---

[3] Martinson threatened to sue witnesses if they participated in a prior proceeding.

State and then outlined its reasonable factors for the sentencing decision. Finding no abuse of discretion, we affirm the sentence imposed by the district court.

**AFFIRMED.**